IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY CHERNIK and OKSANA CHERNIK, | Case No. 2:09-cv-02746 JAM-DAD |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BANK OF AMERICA HOME LOANS and FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Defendants. | |
| _____/ | |

This matter comes before the Court on Defendants' Bank of America Home Loans ("BOAHL") and Federal Home Loan Mortgage Corporation's ("FHLMC") (collectively "Defendants") Motion to Dismiss (Doc. #11) Plaintiffs Sergey Chernik and Oksana Chernik's (collectively "Plaintiffs'") Complaint (Doc. #1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants concurrently filed a Request for Judicial Notice ("RJN"). (Doc. #11.) Plaintiffs oppose the motion to dismiss. (Doc. #18.) For

the reasons explained below, the Court grants Defendants' Motion

to Dismiss.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2007, Plaintiffs entered into a loan agreement

with American Sterling Bank ("ASB"). The loan was secured by the

Deed of Trust to real property located at 4441 Winje Drive,

Antelope, California (the "Subject Property"). By a letter dated

June 22, 2009, Plaintiffs made a Qualified Written Request

notifying Defendants and ASB that the notices of the right to

cancel under the Truth in Lending Act ("TILA") were deficient

and that Plaintiffs were rescinding their loan pursuant to TILA.

Plaintiffs' Complaint alleges five causes of action against

Defendants: (1) TILA violations; (2) California's Rosenthal Fair

Debt Collection Practices Act ("RFDCPA") violations; (3)

California Business and Professions Code § 17200 violations; (4)

breach of covenant of good faith and fair dealing; and (5)

slander of credit. Because the Court struck Plaintiffs' untimely

First Amended Complaint which was filed without leave of the

Court, Plaintiffs request leave to file another First Amended

Complaint. However, this request is denied since Plaintiffs have

not shown that amendment would cure the defects in their claims,

nor have Plaintiffs shown that good cause justifies amendment of

---

[1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g).

the 'no further amendment' provision in the Status Pretrial
Scheduling Order filed March 24, 2010 (Doc. 14).


                        II.   OPINION

A.  <u>Legal Standard</u>

     A party may move to dismiss an action for failure to state
a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6). In considering a motion to dismiss, the court must
accept the allegations in the complaint as true and draw all
reasonable inferences in favor of the plaintiff. <u>Scheuer v.
Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by
Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S.
319, 322 (1972). Assertions that are mere "legal conclusions,"
however, are not entitled to the assumption of truth. <u>Ashcroft
v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009) (citing <u>Bell Atl. Corp.
v. Twombly</u>, 550 U.S. 544, 555 (2007)). To survive a motion to
dismiss, a plaintiff needs to plead "enough facts to state a
claim to relief that is plausible on its face." <u>Twombly</u>, 550
U.S. at 570. It is inappropriate to "assume that the [plaintiff]
can prove facts that [he or she] has not alleged or that the
defendants have violated . . . laws in ways that have not been
alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal.
State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). Dismissal
is appropriate where the plaintiff fails to state a claim

supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint. <u>See</u> Fed. R. Civ. P. 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2002).

Generally, the court may not consider materials beyond the facts alleged in the complaint when ruling on a motion to dismiss. <u>Anderson v. Angelone</u>, 86 F. 3d 932, 934 (9th Cir. 1996). A court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint, the documents are central to the plaintiff's claims, and their authenticity is not disputed. <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002). Here, Defendants request judicial notice of five documents: (A) the Note; (B) the Deed of Trust; (C) a Notice of Right to Cancel ("NRC") signed by Plaintiff Oksana Chernik; (D) a NRC signed by Plaintiff Sergey Chernik; and (E) a TILA disclosure. Plaintiffs do not object to Exhibits A and B, which are already included as exhibits in Plaintiffs' Complaint and are relied upon by the Complaint. Plaintiffs object, however, to

Exhibits C, D, and E and dispute their validity in the Complaint. Accordingly, the Court takes only Exhibits A and B of the RJN into consideration.

B.  Claims for Relief

   1. First Cause of Action: TILA

   a. Rescission

   TILA "authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction . . ." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (citing 15 U.S.C. § 1635(a)). The right of rescission may last up to three years after the date of consummation, depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989).

   Here, Plaintiffs allege that their loan violates TILA because ASB failed to provide Plaintiffs with copies of the NRC for Plaintiffs' loans as required by statue. Exhibit C of Plaintiffs' Complaint presents NRCs signed by Plaintiffs and dated May 25, 2007. However, the date of the transaction and the date of the final deadline to rescind are not filled in on the NRC. The NRCs submitted by Defendants in Defendants' RJN have the relevant dates filled in, but Plaintiffs dispute their authenticity. Typically, "written acknowledgement of receipt of

any disclosures required" under TILA creates a "rebuttable

presumption of delivery thereof." 15 U.S.C. 1635(c). Plaintiffs

bear the burden of overcoming this presumption of delivery. <u>See</u>

<u>Garza v. Am. Home Mortgage</u>, 2009 WL 1139594, at *3 (E.D. Cal.

Apr. 28, 2009) ("A disclosure statement's signed acknowledgement

that plaintiff borrowers had received a fully completed copy of

the disclosure statement... constitutes prima facie proof of

delivery. Confronted with a prima facie case, plaintiff

borrowers are unable to rest on their complaint's allegation and

are required to offer some evidence in support of the

allegation."). Here, Plaintiffs have not offered evidence to

rebut the presumption of delivery created by their signatures on

the NRCs attached to their complaint. Plaintiffs' contention in

their Opposition that they dispute the authenticity of the

completed NRCs submitted by Defendants is not enough.

　　　Plaintiffs further allege that they rescinded the loan

within the three-year statute of limitations. Plaintiffs

consummated their loan on May 25, 2007 and attempted to rescind

on June 22, 2009. As such, Plaintiffs' claim is not barred by

the statute of limitations because they attempted to rescind

their loan within the three-year period. <u>See</u> 15 U.S.C. 1635(f).

Nevertheless, Plaintiffs' rescission claim fails because they do

not allege that they are financially capable of tendering the

loan proceeds, instead alleging that they are prepared to tender

after the Court grants declaratory relief and awards them damages. Plaintiffs also allege that they were "prepared to offer tender." (Compl. ¶ 37.) However, Plaintiffs' reference to a past ability to tender does not allow the Court to make a reasonable inference that Plaintiffs "would be able to offer tender or should be excused from doing so prior to rescission." Ash v. OneWest Bank, FSB, 2010 WL 375744, at *5 (E.D. Cal Jan. 26, 2010). "[I]n applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he has received from the lender.' " Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (citation omitted). This Court has dismissed rescission claims based upon the plaintiff's failure to allege the ability to tender loan proceeds. See Ash, 2010 WL 375744, at *4; Gonzalez v. First Franklin Loan Services, 2010 WL 144862, at *5-6 (E.D. Cal. Jan. 11, 2010); Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1094 (E.D. Cal. 2009). In response to Defendants' challenge to the rescission claim based on the failure to allege an ability to tender, Plaintiffs voice their disagreement with other rulings from this District that required tender, and argue that the issue of tender is premature. This Court is not persuaded by Plaintiffs' argument that its prior decisions on this issue are in error.

    b. Damages

Plaintiffs' claim for damages under TILA is premised on Defendants' failure to respond to Plaintiffs' request for rescission. 15 U.S.C. § 1640(e) requires that suits for damages for violations of 15 U.S.C. § 1635 must be filed within 1 year of the date of the violation. Because the Court is dismissing the rescission claim, the damages claim based on rescission is also dismissed. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' TILA claim for rescission and damages, with prejudice.

2. <u>Second Cause of Action: California's RFDCPA</u>

In the Complaint, Plaintiffs allege that Defendants violated the RFDCPA. The RFDCPA was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). However, "residential mortgage loans do not fall within the RFDCPA." <u>Shepherd v. Am. Home Mortgage Services, Inc.</u>, 2009 WL 4505925, at *1 (E.D. Cal. Nov. 20, 2009). Thus, conduct relating to collection of mortgage loans is excluded from the definition of debt collection under the RFDCPA.

Here, Plaintiffs' second claim for relief alleges that BOAHL is currently servicing the mortgage loan on behalf of FHLMC. Plaintiffs further allege that Defendants violated the RFDCPA by repeatedly contacting Plaintiffs to collect on the

debt. Plaintiffs' RFDCPA allegations against Defendants relate solely to BOAHL's attempts to collect the mortgage debt, and therefore cannot be maintained under the RFDCPA. Plaintiffs further attempt to argue that Defendants violated California Civil Code § 1788.17, which incorporates the federal Fair Debt Collection Practices Act. However, as a matter of law, creditors and mortgage servicers are excluded from the definition of a "debt collector" under the federal act. See Santos Jr. v. Countrywide Home Loans, 2009 WL 2500710, at *6 (E.D. Cal. Aug. 14, 2009). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' RFDCPA claim, with prejudice.

3. Third Cause of Action: California Business & Professions Code § 17200 et seq.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "[T]he UCL 'borrows' violations of other laws and treats them as unlawful practices independently actionable under the UCL." Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1117 (E.D. Cal. 2009). "As such, a defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." Gonzalez, 2010 WL 144862, at *15 (citations omitted).

Plaintiffs' third claim for relief argues that the alleged TILA and RFDCPA violations constitute unlawful, unfair, and fraudulent business practices in violation of the UCL. Given that Plaintiffs' TILA and RFDCPA claims fail, the UCL claim also fails. See Gonzalez, 2010 WL 144862, at *16; Vega, 654 F. Supp. at 1118. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' UCL claim, with prejudice.

4. <u>Fourth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing</u>

In California, "there is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." <u>Kransco v. American Empire Surplus Lines Ins. Co.</u>, 2 P.3d 1, 8 (2000) (citation omitted). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." <u>Somsanith v. Bank of America, N.A.</u>, 2009 WL 3756693, at *3 (E.D. Cal. Nov. 6, 2009).

Here, Plaintiffs' fourth claim for relief alleges that FHLMC breached the implied covenant of good faith and fair dealing. As Defendants point out, Plaintiffs' claim is

predicated on mortgage servicing, yet Plaintiffs have failed to allege that FHLMC serviced Plaintiffs' loan. Moreover, "California has rejected a rule that would apply tort recovery for breach of the implied covenant in normal commercial banking transactions." Fullmer v. JP Morgan Chase Bank, N.A., 2010 WL 95206, at *8 (E.D. Cal. Jan. 6, 2010) (internal citations omitted). Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, with prejudice.

   5. Fifth Cause of Action: Slander of Credit

   Plaintiffs' fifth claim for relief alleges that BOAHL "has caused to be published with various credit reporting agencies false statements regarding the Plaintiff's creditworthiness without informing that such claims were disputed," (Compl. ¶ 108), and that "the actions and inactions of the Defendants have impaired their credit history causing them to lose the ability to have good credit" (Id. ¶ 110).

   Plaintiffs' allegations that this conduct constitutes slander of credit are "conclusory assertions barren of any factual support." Ash, 2010 WL 375744, at *8. Additionally, this claim is based on credit reporting, therefore it is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq, unless Plaintiffs allege facts showing that the defendant's conduct is

malicious or willful. <u>See</u> <u>Morris v. Bank of America</u>, 2010 WL
761318, at *8 (N.D. Cal. Mar. 3, 2010).  Plaintiffs have not
plead such facts, therefore the slander of credit cause of
action is preempted. Accordingly, the Court GRANTS Defendants'
Motion to Dismiss Plaintiffs' claim for slander of credit, with
prejudice.


                          III. ORDER

     For the reasons stated above, Defendant's Motion to Dismiss
is GRANTED, WITH PREJUDICE.


     IT IS SO ORDERED.


Dated: August 17, 2010          _____
                                JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE